IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TAMMY R. THOMAS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 12-cv-795-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Tammy R. Thomas' motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government responded to the motion (Doc. 3). Petitioner failed to file a reply to the Government's response.

1. **Background**

On April 21, 2011, Thomas entered a guilty plea to one count of conspiracy to distribute crack cocaine and three counts of distribution of crack cocaine. *See United States v. Thomas,* Case No. 11-cr-40008, Doc. 47. On July 7, 2011, the Court sentenced Thomas to 120 months imprisonment, eight years supervised release, a $400 special assessment, and a $100 fine. *Id*. Judith Kuenneke of the Federal Public Defender's office represented Thomas throughout these proceedings. *Id*.

Thomas' instant § 2255 motion alleges four grounds of ineffective assistance of counsel. Ground One alleges ineffective assistance of counsel because defense counsel failed to file a notice of appeal. Ground Two alleges ineffective assistance of counsel because defense counsel "failed to challenge the amount and purity of the stated drug." Doc. 1, p. 5. Thomas alleges this issue was not raised on appeal because defense counsel failed to file a notice of appeal. Ground

Three alleges ineffective assistance of counsel because "defense counsel failed to be available to defendant." Doc. 1, p. 7. Again, Thomas explains she did not raise this issue on direct appeal because defense counsel failed to file a notice of appeal. Finally, Ground Four alleges ineffective assistance of counsel because "defense counsel failed to inform defendant that she may be subjected to a 'mandatory minimum,' as well as a longer prison sentence." Doc. 1, p. 8. Again, Thomas explains this issue was not raised on direct appeal because her defense counsel failed to file a notice of appeal.

The Government responded to Thomas' § 2255 motion (Doc. 3). In that response, the Government explains that it contacted Thomas' defense counsel, Judith Kuenneke, concerning Thomas' allegations contained in the § 2255 motion. Kuenneke denied that Thomas had requested she file a notice of appeal. Further, the Government complains that Thomas' § 2255 motion contains insufficient details for it to refute Thomas' claims. For instance, Thomas fails to indicate on what date she requested Kuenneke to file the appeal or the method by which she instructed Kuenneke to file the appeal (i.e., by phone, in person, by mail).

2. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively

demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771, n. 14 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984); *Fountain v. United States,* 211 F.3d 429, 434 (7th Cir.2000).

An attorney's failure to file a notice of appeal when requested to do so falls below objective standards for reasonably effective representation and, in fact, is tantamount to no representation at all on appeal. In such circumstances, a petitioner is not required to show prejudice under the *Strickland* test. Such abandonment is a *per se* violation of the petitioner's Sixth Amendment right to counsel. *United States v. Nagib*, 56 F.3d 798, (7th Cir. 1995); *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994). If the defendant timely told his attorney that he wanted appellate review, and the attorney failed to timely perfect an appeal, the Court should enter an order giving the defendant the right to an appellate proceeding, as if on direct appeal. *Castellanos*, 26 F.3d at 720; *see Page v. United States*, 884 F.2d 300, 302 (7th Cir.1989) ("Ineffective assistance may justify vacating and reentering the judgment of conviction, allowing a fresh appeal.").

If Thomas did instruct Kuenneke to file an appeal and she failed to do so, the appropriate remedy would be to grant an order giving Thomas a right to an appellate proceeding. Based

3

solely on the pleadings, the Court is unable to determine whether Thomas actually instructed Kuenneke to file a notice of appeal. The most efficient way to resolve this dispute is to hold a hearing.

3. **Conclusion**

The Court therefore **ORDERS** a hearing to be held on February 7, 2013, at 2:00 p.m. in Benton, Illinois, addressing the issue of whether Thomas instructed Kuenneke to file an appeal. Thomas is to attend by way of video conference.

The Court finds that the interests of justice require that Thomas be represented by counsel at the hearing but that she is unable to afford counsel. Accordingly, the Court hereby **APPOINTS** a panel attorney to represent Thomas in the hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings and 18 U.S.C. § 3006A. This representation is limited to the issue of whether Kuenneke was ineffective for failing to file a notice of appeal.

**IT IS SO ORDERED.**

**DATED:** December 14, 2012

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**