IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TAMMY R. THOMAS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 12-cv-795-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the Government's motion to dismiss Ground One of petitioner's § 2255 motion and to cancel the hearing scheduled for February 7, 2013 (Doc. 40). For the following reasons, the Court grants the Government's motion and dismisses Thomas' § 2255 motion in its entirety.

    As further explained in this Court's order dated December 14, 2012, Thomas' plea agreement included a waiver of her appellate and collateral attack rights. Thomas' § 2255 motion alleges four grounds of ineffective assistance of counsel. Ground One alleges ineffective assistance of counsel because defense counsel failed to file a notice of appeal. Ground Two alleges ineffective assistance of counsel because defense counsel "failed to challenge the amount and purity of the stated drug." Doc. 1, p. 5. Thomas alleges this issue was not raised on appeal because defense counsel failed to file a notice of appeal. Ground Three alleges ineffective assistance of counsel because "defense counsel failed to be available to defendant." Doc. 1, p. 7. Again, Thomas explains she did not raise this issue on direct appeal because defense counsel failed to file a notice of appeal. Finally, Ground Four alleges ineffective assistance of counsel because "defense counsel failed to inform defendant that she may be subjected to a 'mandatory minimum, as well as a longer prison sentence." Doc. 1, p. 8. Again, Thomas explains this issue was not raised on direct appeal because her defense counsel failed to file a notice of appeal.

On December 14, 2012, the Court set a hearing for February 7, 2013, to address whether Thomas instructed Kuenneke to file an appeal. The Court also appointed a panel attorney to represent Thomas, and that representation was limited to the issue of whether Kuenneke was ineffective for failing to file a notice of appeal. Thereafter, on December 28, 2012, this Court received a letter from Thomas in which she admits that she never asked Kuenneke to file an appeal (Doc. 6).

1. **The Government's Motion**

Due to Thomas' admission that she never asked Kuenneke to file an appeal, Ground One of her § 2255 motion is admittedly false. Accordingly, the Court dismisses Ground One. Further, because the February 7, 2013, hearing and the panel attorney's representation was limited to the issue contained in Ground One, the Court cancels the February 7, 2013, and terminates panel attorney Robert Herman's representation of Thomas. Thus, the Court grants the Government's motion in its entirety.

2. **Thomas' Remaining Claims**

With respect to the remaining grounds in Thomas' motion, the Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). Direct appeal and collateral attack waivers contained in a plea agreement are upheld except in instances where the court "'relied on a

constitutionally impermissible factor (such as race),' the 'sentence exceeded the statutory maximum,' or the defendant claims 'ineffective assistance of counsel in connection with the negotiation of [the plea] agreement.'" *Jones v. United States*, 167 F.3d 1142, 1144-45 (7th Cir. 1999). *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010).

Here, Thomas' plea agreement contained a waiver of collateral attack rights.  Her instant § 2255 motion does not allege that the Court relied on a constitutionally impermissible factor, her sentence exceeded the statutory maximum, or that Kuenneke was ineffective with the negotiation of the plea agreement.  Accordingly, Thomas waived her right to collaterally attack the issues in the remaining grounds, and the Court dismisses those grounds.

3. **Conclusion**

For the aforementioned reasons the Court:

1. **GRANTS** the Government's motion (Doc. 11);
2. **CANCELS** the February 7, 2013 hearing;
3. **TERMINATES** panel attorney Robert Herman's representation of Thomas;
4. **DENIES** Thomas' motion to produce portions of defense counsel's file (Doc. 10) as **MOOT**;
5. **DISMISSES** Thomas' § 2255 motion (Doc. 1) in its entirety; and
6. **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** January 30, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**